**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**IRENE SILER,**

      Plaintiff,

**v.**
                                  **Civil Action No. 3:08-CV-130
(BAILEY)**

**CHASE BANK, USA, N.A.
a subsidiary of JP MORGAN CHASE BANK, N.A.,**

      Defendant/Third-Party Plaintiff,

**v.**

**TINA MARIA SHADE,**

      Third-Party Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Currently pending before the Court is the plaintiff's Motion to Lift the Stay and Vacate Arbitrator's Decision [Doc. 31], filed December 7, 2010; and Defendant Chase Bank, USA, N.A.'s Motion for Leave to File Surreply [Doc. 44], filed January 28, 2011. Both motions have been fully briefed and are now ripe for decision. This Court has reviewed the record and the motions and, for the reasons set out below, finds that the plaintiff's motion should be **DENIED** and the defendant's motion should be **DENIED AS MOOT**.

<u>**BACKGROUND**</u>

I.    <u>**Factual History**</u>

On May 1, 1988, the plaintiff, Irene Siler, opened a credit card account with Chase Bank, USA, N.A. ("Chase"), pursuant to the First Card Cardmember Agreement and

Disclosure Statement ("Cardmember Agreement").  The Cardmember Agreement alerted the plaintiff that the terms thereof could be changed at any time upon 15 days notice. ([Doc. 29-1] at 2).  On January 15, 1999, the plaintiff was given a Notice of Change in Terms ("First Notice"), which contained the following language under the heading "**REQUIRING THAT ANY DISPUTE BETWEEN YOU AND US BE RESOLVED BY ARBITRATION**":

> Any claim, dispute or controversy ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or your account, including, Claims regarding the applicability of this arbitration clause or the validity of the entire Agreement, shall be resolved by binding arbitration by the National Arbitration Forum, under the Code of Procedure in effect at the time the Claim is filed.

(Id. at 4).

On June 10, 2003, the plaintiff was given a second notice of changes to her Cardmember Agreement in a document titled, "Important Notice for Bank One Credit Card Customers about Changes to Your Bank One Cardmember Agreement" ("Second Notice"). (Id. at 5-10).  Paragraph 8 of the Second Notice, titled "**ARBITRATION**," instructs that "[t]he party bringing the Claim may select any one of three national arbitration organizations to administer the arbitration of the Claim: The National Arbitration Forum ("NAF"), JAMS/Endispute ("JAMS"), or the American Arbitration Association ("AAA")."  (Id. at 9).

## II.  Procedural History

### A.  Judicial Proceedings

On July 17, 2008, despite the above-described arbitration clause, the plaintiff filed suit in the Circuit Court of Berkeley County, West Virginia, against Chase Bank, USA, N.A. ("Chase").  The plaintiff alleges claims under the West Virginia Consumer Credit and

Protection Act ("WVCCPA"), W.Va. Code § 46A-2-122, *et seq.*, and common law claims relating to telephone calls Chase made to her regarding fraudulent charges to her First Card credit card account by her granddaughter, Tina Marie Shade [Doc. 1-2]. On August 20, 2008, Chase removed the suit to this Court based upon diversity jurisdiction [Doc. 1].

On November 7, 2008, Chase moved to stay judicial proceedings and compel arbitration pursuant to the arbitration clause in the Second Notice [Doc. 16]. The arbitration clause provides, in pertinent part, that:

> Any claim, dispute or controversy by either you or us against the other . . . arising from or relating in any way to your Account, transactions on your Account, our relationship, this Agreement or any provision of this Agreement ("Claim"), including Claims regarding the applicability or validity of this arbitration clause, shall be resolved exclusively and finally by binding arbitration . . .

([Doc. 16-3] at 5).

Finding no showing of fraud, duress, or unconscionability by the plaintiff, this Court stayed judicial proceedings and compelled arbitration pursuant to the above-quoted language on January 29, 2009 [Doc. 30].

## B. Arbitration Proceedings

On April 10, 2009, the plaintiff filed her Claim for Arbitration against Chase with the National Arbitration Forum ("NAF"). Before a hearing could be conducted, a discovery dispute arose between the parties with regard to a deposition the plaintiff had noticed against a Chase representative and a number of written discovery requests. Unable to resolve the dispute, the plaintiff moved the Arbitrator to compel discovery on December 15, 2009 [Doc. 32-6]. On April 2, 2010, the Arbitrator held a telephonic hearing with counsel to address the plaintiff's motion. ([Doc. 33-2] at ¶ 7). During this hearing, the Arbitrator and

counsel discussed the goals of arbitration to be less formal, less expensive, and quicker than litigation. (Id. at ¶ 8). The Arbitrator questioned whether a deposition of Chase's representative was consistent with the purposes of arbitration. (Id.). In this regard, the Arbitrator questioned whether a Chase representative would be present at the final hearing, and Chase's counsel advised that a representative would be present. (Id. at ¶ 10). Based on that representation, the Arbitrator asked the plaintiff's counsel if he thought a deposition prior to the final hearing was necessary. (Id. at ¶ 11). The Arbitrator also advised counsel that he would be granting the plaintiff's request for additional written discovery from Chase. (Id. at ¶ 9). Since the Arbitrator was ordering Chase to produce additional documents and a representative would be available at the hearing, the plaintiff's counsel agreed that a deposition would not be necessary. (Id. at ¶ 12).

After a July 7, 2010, Participatory Hearing, the Arbitrator entered his Award on September 29, 2010, ruling as follows:

> With respect to such Claim, Claimant is denied recovery of any amounts in addition to the $20,809.00 amount of unpaid balance of her credit card (See Tr. p. 435). Although no payment on the Claim is Awarded, Respondent is hereby enjoined and prohibited from seeking to recover any and all unpaid amounts owed on Claimant's Chase credit card in accordance with Respondent's representations at the hearing of this matter (T. p. 31, 434). Further, Claimant is awarded Commencement and Filing Fees totaling $3,500.00, and no other amount.

([Doc. 32-1] at 1).

### C.     Instant Motions

On December 7, 2010, the plaintiff filed the instant Motion to Lift the Stay and Vacate Arbitrator's Decision [Doc. 31]. In support of her motion, the plaintiff claims that "the ruling was procured by corruption, fraud, or undue means and there was evident partiality

or corruption in the arbitrators." (Id. at 3). More specifically, the plaintiff alleges that "NAF's procedure for selecting and retaining arbitrators is designed to reward arbitrators who rule in favor of business and to punish those who rule for consumers." (Id. at 5). As such, the plaintiff argues, "[t]he selection of NAF makes the arbitration clause fundamentally unfair to consumers as the neutrality of the decision maker has been jeopardized." (Id.). In addition, the plaintiff argues that evident partiality is illustrated by the Arbitrator's handling of the parties discovery dispute, the Arbitrator's failure to comply with the NAF Code of Procedure, and the Arbitrator's improper application of West Virginia law. (Id. at 11-16).

On December 21, 2010, Chase filed its Response in Opposition [Doc. 33], arguing that the plaintiff offers no legitimate reason for vacating the Arbitrator's award. Specifically, Chase argues that the plaintiff has failed to show how the Arbitrator was partial or corrupt in rendering his Award. (Id. at 2-3).

On January 4, 2011, the plaintiff filed a Reply [Doc. 39], reiterating and supplementing her previous arguments. In particular, the plaintiff argues that she had no choice but to arbitrate her claims with NAF, which she claims is a business-biased forum. (Id. at 1).

On January 28, 2011, Chase filed the instant Motion for Leave to File Surreply [Doc. 44], arguing that the plaintiff made a misstatement of fact requiring clarification. More specifically, Chase wishes to clarify that the arbitration clause permitted the plaintiff to arbitrate her claims through forums other than NAF. (Id. at 1). On January 31, 2011, the plaintiff objected to allowing Chase a surreply, arguing that Chase's twenty-three (23) day delay in moving for leave precluded the same [Doc. 45]. Chase replied on February 7, 2011, referring the Court to its previous briefing [Doc. 46].

**<u>DISCUSSION</u>**

**I.      <u>Applicable Standard</u>**

Pursuant to section 10 of the Federal Arbitration Act ("FAA"), a district court may vacate an arbitration award "where there was evident partiality or corruption in the arbitrators."  9 U.S.C. § 10(a)(2).  To demonstrate evident partiality under the FAA, the party requesting that the award be vacated has the burden of proving "that a reasonable person would have to conclude that an arbitrator was partial to the other party to the arbitration." ***Consol. Coal Co. v. Local 1643, UMWA***, 48 F.3d 125, 129 (4th Cir. 1995). In ***Consol. Coal Co.***, the Fourth Circuit held that when considering whether evident partiality exists, a court should consider: "(1) any personal interest, pecuniary or otherwise, the arbitrator has in the proceeding; (2) the directness of the relationship between the arbitrator and the party he is alleged to favor; (3) the connection of the relationship to the arbitration; and (4) the proximity in time between the relationship and the arbitration proceeding." ***Id.*** at 125 (quoting ***Hobet Mining Inc. v. International Union, UMWA***, 877 F.Supp. 1011, 1021 (S.D. W.Va. 1994)).

**II.     <u>Analysis</u>**

**A.      Motion to Vacate Arbitration Award**

In her motion, Siler presents the following examples of evident partiality on behalf of the Arbitrator: (1) NAF, as a whole, is completely biased against consumers in favor of businesses; (2) the Arbitrator allowed Chase to withhold discovery; (3) the Arbitrator failed to follow the NAF Code of Procedure; and (4) the Arbitrator improperly applied West Virginia law.  The Court will now consider each argument, in turn.

### 1.    General Bias of NAF

In her motion, the plaintiff's primary argument is that NAF is completely biased against individual consumers in favor of corporate businesses.  In particular, the plaintiff cites to a suit brought by the Minnesota Attorney General against the NAF, claiming that NAF had engaged in deceptive practices in violation of Minnesota statutory law.  This litigation resulted in a July 17, 2009, Consent Judgment [Doc. 32-2], whereby the NAF agreed to cease administering consumer arbitrations submitted on or after July 24, 2009. (Id. at ¶ 3).  Based upon this Consent Judgment and other news articles indicting the partiality of the NAF, the plaintiff argues that the Arbitrator's award in his her case should be vacated.  This Court disagrees.

The plaintiff's argument of general bias on the part of the NAF fails to meet the individualized burden contemplated by section 10 of the FAA.  Again, to demonstrate evident partiality under the FAA, the party requesting that the award be vacated has the burden of proving "that a reasonable person would have to conclude that *an arbitrator* was partial to the other party to the arbitration."  ***Consol. Coal Co.***, 48 F.3d at 129 (emphasis added).  In other words, the movant must demonstrate that his or her particular arbitrator showed partiality to the non-movant in the underlying arbitration.  Here, in contrast, the plaintiff simply argues that NAF is generally biased.  However, this Court unable to vacate an arbitration award simply because a few news articles and a Minnesota consent judgment question the partiality of the association to which the subject arbitrator belongs.

### 2.    Handling of Discovery Dispute

Next, the plaintiff apparently argues that the Arbitrator showed favor to Chase in his handling of a discovery dispute between the parties.  In particular, the plaintiff moved the

Arbitrator to compel Chase to provide a representative to sit for a deposition and to compel additional written discovery by the plaintiff. After a telephonic hearing, the Arbitrator granted the plaintiff's request for additional written discovery but denied the plaintiff's request for a corporate deposition, citing that a Chase representative would be available at the hearing. The plaintiff argues that the Arbitrator's handling of the parties' discovery dispute illustrates evident partiality in favor of Chase. This Court disagrees.

This Court finds no partiality in the Arbitrator's ruling on the plaintiff's motion to compel. First, the Arbitrator granted the plaintiff's request for additional written discovery. If the plaintiff was then unsatisfied with Chase's responses to that additional written discovery, she should have moved the Arbitrator a second time. Second, that the Arbitrator questioned the necessity of the plaintiff deposing a Chase representative, when one would be available at the hearing, does not persuade this Court that the Arbitrator was biased in favor of Chase. Instead, the Arbitrator's discussion of the necessity of the corporate deposition merely reflects the general goals of arbitration to be less formal, less expensive, and speedier than litigation.

### 3. Compliance with NAF Code of Procedure

The plaintiff also argues that the Arbitrator showed favor to Chase by not complying with the NAF Code of Procedure. First, the plaintiff alleges that the Arbitrator violated Rule 37E by not issuing his Award within twenty (20) days of the July 7, 2010, hearing. Second, the plaintiff alleges that the Arbitrator violated Rule 37C by failing to award her attorney fees. This Court disagrees with both allegations.

Rule 37E provides that "an Arbitrator *shall _endeavor_ to render* an Award within twenty (20) days after the date of the close of the Hearing." ([Doc. 32] at 13) (emphasis

added).  Here, the Arbitrator held the Participatory Hearing on July 7, 2010, but did not render his Award until September 29, 2010, eighty-four (84) days after the hearing.  First, the plain language of Rule 37E requires only that the Arbitrator "endeavor," or try, to render his Award within the 20-day time period.  There is no indication that the Arbitrator did not try to render his Award within the allotted time, especially considering that the transcript of the hearing was not completed until August 4, 2010, more than 20 days after the hearing. Second, and more importantly, the plaintiff fails to demonstrate how a violation of Rule 37E shows that the Arbitrator was biased in favor of Chase.

Rule 37C provides that "[t]he Arbitrator _may include attorney fees_ and costs in the final Award . . .." ([Doc. 32] at 13) (emphasis added).  Here, the Arbitrator exercised the discretion given by the word "may" and elected not to award attorney fees.  Again, the plaintiff has failed to show a violation of the NAF Code of Procedure or how a violation demonstrates bias.

### 4.    Application of West Virginia Law

Finally, the plaintiff argues that the Arbitrator misapplied West Virginia law by requiring that she show Chase intentionally placed the underlying phone calls and by apparently applying a mitigation of loss analysis.  This Court disagrees.

### i.    Showing of Intent

At the Participatory Hearing, the Arbitrator stated as follows:

> Well, I don't think I require post-hearing briefing.  I'm willing to allow the parties to make a submission if that's how they would like to proceed.  I think the issues are relatively straightforward.  I mean, notwithstanding that there's a lot of testimony covering a lot of time, I think the – I mean, from the outset, the record is pretty clear that Chase admits it made mistakes here.  _I think the question is whether a mistake – and to what extent there has been a showing of intent as required by the statute._

([Doc. 32-9] at 2) (emphasis added).

The plaintiff argues that the Arbitrator's reference to a "showing of intent" was error because the WVCCPA does not require that a consumer show intent. Chase responds that the Arbitrator's reference to intent only shows the he was properly considering whether Chase had satisfied the affirmative defense in W.Va. Code § 46A-5-101(8), which states that:

> If a creditor establishes by a preponderance of the evidence that a violation is _unintentional_ or the result of a bona fide error of fact notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error, no liability is imposed . . ..

(Emphasis added).

Although this Court finds more support for Chase's interpretation, this Court need not decide whether the Arbitrator misapplied the WVCCPA. Instead, the sole question presented by the instant motion is whether the plaintiff has shown that the Arbitrator was biased in favor of Chase. Misapplication of law is an argument for appeal, an avenue which the plaintiff forfeited when she agreed that any claim against Chase would be "resolved _exclusively and finally_ by binding arbitration . . .." ([Doc. 29-1] at 9) (emphasis added). Even assuming a misapplication of the WVCCPA, this Court finds that the plaintiff has failed to demonstrate the evident partiality required under section 10 of the FAA.

### ii. Mitigation of Damages

At the Participatory Hearing, the Arbitrator stated as follows:

> I think there is also a question of, frankly, _mitigation of damages_. I mean, this went on for a long period of time and at least, you know, from my sense of the record, I'm not convinced that it couldn't have been stopped much earlier than it was. I mean, plainly I think, you know, it was a disturbing thing for her, but in an of itself I'm not sure if that is sufficient.

10

([Doc. 32-9] at 2) (emphasis added).

The plaintiff argues that the Arbitrator's reference to "mitigation of damages" was error. Chase responds that the Arbitrator's Award does not reflect that he attributed to the plaintiff a duty to mitigate or that she failed to satisfy that duty. Rather, Chase argues, it appears the Arbitrator found that Chase had satisfied its absolute defense under W.Va. Code § 46A-5-101(8), but nonetheless exercised his discretion to award the plaintiff NAF filing and commencement fees and relieve her of any obligation of a $20,809 balance on her credit card.

Again, though this Court is more persuaded by Chase's position, it need not resolve the issue as to whether a misapplication of law occurred. Instead, this Court must decide only whether that misapplication of law is evidence of bias in favor of Chase. Upon careful consideration, this Court finds no bias.

For the reasons stated above, therefore, this Court finds that the plaintiff's motion should be **DENIED**.

### B. Motion for Leave to File Surreply

Insofar as this Court did not consider Chase's Surreply in ruling upon the plaintiff's motion, this Court hereby **DENIES AS MOOT** Chase's motion for leave to file a surreply.

### CONCLUSION

For the foregoing reasons, this Court finds that the plaintiff's Motion to Lift the Stay and Vacate Arbitrator's Decision [Doc. 31] should be, and hereby is, **DENIED**. In addition, this Court finds that Chase's Motion for Leave to File Surreply [Doc. 44] should be, and hereby is, **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** February 25, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE